MICHELLE R. GHIDOTTI-GONSALVES, ESQ. (232837)
Jennifer R. Bergh, Esq., (305219)
THE LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave., Ste. 206
Anaheim Hills, CA 92807
Telephone: (949) 354-2601
Facsimile No.: (949) 200-4381
Email: mghidotti@ghidottilaw.com

Attorneys for Creditor
Wilmington Savings Fund Society, FSB,
d/b/a Christiana Trust, as trustee for Normandy
Mortgage Loan Trust, Series 2015-1, its
successors and assigns

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 16-51687 |
| Peter A. McCoy | Chapter 13 |
| Debtor. | OBJECTION TO CONFIRMATION OF DEBTORS' PLAN |
| | Plan Confirmation Hearing |
| | DATE: 08/19/2016 |
| | TIME: 11:00 AM |
| | PLACE: 280 South First Street |
| | San Jose, CA 95113-3099, Courtroom 3020 |
| | Property: 260 Baltusrol Dr., Aptos, CA 95003 |
| | Honorable M. Elaine Hammmond |

TO THE HONORABLE M. ELAINE HAMMMOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HIS ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DEVIN DERHAM-BURK:

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust, Series 2015-1 ("**Creditor**"), a secured creditor of Peter A. McCoy (the"**Debtor**"), hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a first position deed of trust on the Debtor's real property commonly described as 260 Baltusrol Dr., Aptos, CA 95003 (the "**Property**").

I

## STATEMENT OF FACTS

1. On or about November 30, 2016, Debtor made, executed, and delivered an InterestFirst Adjustable Rate Note, in the principal amount of $895,280.00 to CitiMortgage, Inc. (the "**Note**").

2. The Note is secured by a Deed of Trust recorded on May 12, 2004 in the Official Records of Boward County, Florida, as Instrument No. 103985288, which encumbers the Property (the "**Deed of Trust**").

3. All beneficial rights, title and interests under said Deed of Trust were assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as trustee for Normandy Mortgage Loan Trust, Series 2015-1 by Assignment of Deed of Trust.

4. Creditor holds all rights, title, and interests in the Note and Deed of Trust.

5. **Debtor's Plan relies on the approval of a Loan Modification in regards to Creditor's Claim. Debtor is not in the process of a loan modification.**

6. As of June 7, 2016, the date Debtor filed the Petition, the arrears owed to Creditor totaled no less than $97,605.46, which is reflected on Creditor's Proof of Claim.

7. Debtor's Plan does not provide for cure of Creditor's pre-petition arrears in any amount.

8. Debtor's Plan does not provide for payment of the ongoing monthly post-petition mortgage payments to Creditor in any amount. The current monthly mortgage payment is $2,995.63.

9. Debtor does not include Creditor's post-petition monthly mortgage payment on his Schedule J.

10. Pursuant to Schedule J, Debtor has a monthly net income of $50.20.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtor's Plan does not fully provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than $97,605.46, which is reflected on Creditor's Proof of Claim. Debtor's Plan does not provide for payment of Creditor's post-petition monthly mortgage payments. Accordingly, Debtor will be required to amend his Plan to fully provide for the pre-petition arrears owed to Creditor and Creditor's post-petition monthly mortgage payment. Thersfore, Debtor's Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

### B. PROMPT CURE OF PRE-PETITION ARREARS
11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $97,605.46. In order to cure the Creditor's pre-petition arrears in sixty-months (60) months as proposed, Debtor's monthly plan

3

payment to Creditor must total no less than $1,626.75. Debtor's Plan does not provide for a monthly Plan Payment to Creditor in any amount. Thus, Debtor's Plan does not provide for Prompt cure of Creditor's arrears. Debtor's Plan provide that he will not make a payment towards the cure of Creditor's arrears until a loan modification is approved. Debtor is not in the process of a loan modification. Thus, Debtor must revise his Plan to provide for Creditor's arrears.

### C. **DEBTOR'S PLAN IS NOT FEASIBLE**

Debtor's Plan is not feasible because the Debtor's monthly income does not support the required Plan payment. Pursuant to Debtor's Schedules, Debtor has a monthly net income of $50.20. Furthermore, Debtor's Schedule J does not provide for the payment of Creditor's monthly mortgage payment in the amount of $2,995.63. Therefore, Debtor actually has a monthly deficit of $2,945.43. In order to cure the pre-petition arrears owed to Creditor, Debtor must contribute $1,626.75 per month to Creditor. Based on the Schedules and Statement of Financial Affairs filed by Debtor, it is clear that the Debtor does not have the ability to fund a feasible plan of reorganization. Debtor indicates that he does not anticipate his income increasing, or his expenses decreasing within the next twelve months. As such, Debtor cannot form a feasible plan or reorganization.

### D. **DEBTOR'S PLAN WAS NOT FILED IN GOOD FAITH**:

11 U.S.C. *Section* 1325(a)(3) is a mandatory provision, and provides that the court shall only confirm a plan that was proposed in good faith. Bad faith within the Chapter 13 context is measured by the totality of circumstances. In re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999); see also In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994). The absence of sufficient income to fund a

feasible plan strongly suggests bad faith In re Kollar, 356 B.R. 657 (Bankr. M.D. Fla. 2006); In re Nealen, 407 B.R. 194, 201 (Bankr. W.D. Penn. 2009). Thus, the Plan should not be confirmed.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

   a. The Plan be denied confirmation and the case be dismissed.

DATED: July 25, 2016            THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Michelle Ghidotti-Gonsalves, Esq.
     Michelle Ghidotti-Gonsalves, Esq.
     Wilmington Savings Fund Society, FSB,
     d/b/a Christiana Trust, as trustee for Normandy
     Mortgage Loan Trust, Series 2015-1

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA, COUNTY OF ORANGE |

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 5120 E. La Palma Ave. Ste. 206 Anaheim Hills, CA 92807

On July 25, 2016, I served the following document(s) described as:

**OBJECTION TO CONFIRMATION OF DEBTORS' PLAN**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

*Debtor*
Peter A. McCoy
260 Baltusrol Dr.
Aptos, CA 95003

☒ **By United States mail**. I enclosed the document(s) in a sealed envelope or package addressed to the persons noted above and (specify one):

☐ I deposited such envelope in the United States Mail at Anaheim Hills, California, with postage thereon fully prepaid.

☒ I placed the envelope for collection and mailing on the date and at the place shown above following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

Michael K. Mehr: MMehr51@gmail.com (*Debtors Counsel*)

Devin Derham-Burk: ctdocs@ch13sj.com *(Trustee)*

United States Trustee: USTPRegion17.SJ.ECF@usdoj.gov (U.S. Trustee)

☒ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 25, 2016, at Anaheim Hills, California.

/s/Pamela Gayosso
Pamela Gayosso